UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN RANKINS, | No. 2:15-cv-1164 KJM AC P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| ALEXANDER LIU et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Dr. Alexander Liu and California Medical Facility ("CMF") Chief Medical Officer Joseph Bick. Plaintiff alleges that prison officials at CMF referred him to San Joaquin County Hospital where he met with defendant Liu. Plaintiff explained to defendant Liu that he was experiencing frequent urination at night and during the day. Defendant Liu examined plaintiff, determined that his prostate was enlarged, and concluded that plaintiff needed surgery. Plaintiff alleges that defendant Liu performed the surgery and told plaintiff that the surgery had gone well. However, plaintiff alleges that he experienced trouble urinating without excruciating pain when he returned to CMF. Plaintiff alleges that defendant Liu twice performed a "flexible cystoscopy" on plaintiff to remove a chip

1 and debris left from the surgery, but neither procedure helped plaintiff's symptoms.  Plaintiff
2 alleges that he requested a referral to another urologist, but defendant Bick denied the request.
3 Plaintiff alleges that he is now unable to control his bladder and wears diapers.  Although plaintiff
4 has seen defendant Liu for follow-up care and defendant Liu has prescribed him a series of
5 medications, plaintiff alleges that his incontinence has persisted.  (Compl. at 1-7.)

## DISCUSSION

Many of the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that to maintain an Eighth Amendment claim based on inadequate medical care, he must allege specific facts showing that defendants acted with deliberate indifference to serious medical needs.

4

1  See Estelle v. Gamble, 429 U.S. 97 (1976). In the Ninth Circuit, a deliberate indifference claim
2  has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Finally, the fact that plaintiff developed unfortunate complications after his surgery does not, in and of itself, mean that defendant Dr. Liu was deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (deliberate indifference to a medical need is shown when a prison official knows that an inmate has a serious medical need and disregards that need by failing to respond reasonably); see also Robinson v. Kitt, No. 1:14-cv-01525 JLT (PC), 2014 WL 5472578 at *4 (E.D. Cal. Oct. 28, 2014) (finding that the plaintiff failed to state a cognizable claim for deliberate indifference based on a double vision complication that resulted after the defendant doctor performed surgery to remove plaintiff's

nasal polyps); Mayer v. Redix, No. EDCV 12-515 DMG (OP), 2014 WL 4258704 at *13 (C.D. Cal. Aug. 26, 2014) ("[T]o the extent Plaintiff alleges Eighth Amendment violations against Defendant Redix for failing to competently perform the first surgery, Plaintiff shows nothing more than potential negligence or medical malpractice, which is insufficient to support an Eighth Amendment claim.").

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for appointment of counsel. Plaintiff is advised that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Plaintiff asserts that he requires appointment of counsel because he is indigent and has only a ninth-grade education. While the court sympathizes with these challenges, they are insufficient to merit the appointment of counsel at this time. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that warrant a request for voluntary assistance of counsel. Moreover, until plaintiff files an amended complaint, the court will not be able to determine his likelihood of success on the merits of this case. Accordingly, the court will deny plaintiff's motion for appointment of counsel without prejudice.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.

DATED: November 12, 2015

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE