UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN RANKINS,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER LIU, et al.,<br><br>Defendants. | No. 2:15-cv-01164 KJM DB<br><br><br><br>ORDER |

Plaintiff, Norman Rankins, is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff asserts a claim under the Eighth Amendment for deliberate indifference to medical needs. He alleges that defendant Alexander Liu, M.D., inadequately and tardily treated various urological conditions, causing him to suffer a hernia and permanent incontinence.

Dr. Liu filed a motion to dismiss, generally arguing that plaintiff has failed to state a cognizable Eighth Amendment claim. Plaintiff, for his part, filed a motion to amend. Therein, he seeks to add language to his amended complaint clarifying that he is suing Dr. Liu in his individual and official capacities. Dr. Liu has not opposed the motion to amend. Therefore, the court will grant the motion to amend. Consequently, the court will deny as moot the motion to dismiss.

////

Plaintiff's motion to amend did not include a complete Second Amended Complaint as required by Local Rule 220. Plaintiff will be given the opportunity to file a Second Amended Complaint. Plaintiff is advised that in an amended complaint he must clearly identify the defendant and the action the defendant took that violated his constitutional rights. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendant has fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 35) is granted;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Defendant's motion to dismiss is (ECF No. 28) is denied as moot.

Dated: June 6, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:11
DLB1/prisoner-civil rights/rank1164.mta.order(revised)