UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN RANKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>ALEXANDER LIU,<br><br>        Defendant. | No. 2:15-cv-01164 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Norman Rankins, is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. The action proceeds on plaintiff's third amended complaint, filed July 10, 2017. (ECF No. 40.) Plaintiff asserts a claim under the Eighth Amendment for deliberate indifference to medical needs. Plaintiff alleges that defendant Alexander Liu, M.D., inadequately and tardily treated various urological conditions, causing him to suffer a hernia and permanent incontinence.

Before the court is Dr. Liu's motion to dismiss, arguing plaintiff failed to allege facts sufficient to state a cognizable Eighth Amendment claim, plaintiff failed to allege facts showing Dr. Liu acted under color of state law, and plaintiff's request for punitive damages should be stricken. (ECF No. 41.) For the foregoing reasons, this court recommends Dr. Liu's motion to dismiss be denied.

////

# BACKGROUND

## I.     Procedural Background

Plaintiff is a state prison inmate currently incarcerated at Richard J. Donovan Correctional facility.  (ECF No. 32.)  At all relevant times, plaintiff was an inmate at California Medical Facility.  Plaintiff initially filed this action pursuant to 42 U.S.C. § 1983 on May 29, 2015.  (ECF No. 1.)  The initial complaint was dismissed during the screening process and plaintiff was given leave to amend.  (ECF No. 11.)  Plaintiff's first amended complaint (ECF No. 16) presented a cognizable claim and the judge assigned to the case at that time ordered service for Dr. Liu.  (ECF No. 17.)  On December 20, 2016, Dr. Liu filed a motion to dismiss (ECF No. 28) arguing plaintiff failed to state a cognizable Eighth Amendment claim.  Plaintiff then filed a motion to amend (ECF No. 35).  The court granted plaintiff's motion to amend and denied Dr. Liu's motion to dismiss as moot.  (ECF No. 39.)  Plaintiff filed a third amended complaint (TAC) on July 10, 2017.  (ECF No. 40.)  Dr. Liu filed a motion to dismiss.  (ECF No. 41.)  Plaintiff filed an opposition (ECF No. 42) and Dr. Liu replied (ECF No. 43).

## II.     Factual Allegations

In his TAC, plaintiff alleged at all relevant times he was incarcerated in the California Department of Corrections and Rehabilitation (CDCR) and CDCR was required to provide him with "essential medical care."  (ECF No. 39 at 7.)  CDCR sent plaintiff to have a transurethral resection of the prostate ("TURP") procedure performed by Dr. Liu on March 14, 2014.  (ECF No. 39 at 7.)  Plaintiff had a follow-up visit with Dr. Liu on March 20, 2014.  (Id.)  Plaintiff alleged he informed Dr. Liu he was in excruciating pain and could only urinate if straining to do so.  (Id.)  Plaintiff claimed Dr. Liu told him he was too busy to examine him.  (Id.)  Plaintiff stated he repeated his symptoms and begged Dr. Liu to examine him.  (Id.)  However, plaintiff claimed Dr. Liu stated he would see plaintiff again in two weeks and if plaintiff was still symptomatic he would examine him at that time.  (Id.)

On April 7, 2014, plaintiff had a second follow-up appointment with Dr. Liu.  (Id. at 8.)  Plaintiff claimed after he informed Dr. Liu his symptoms were worse, Dr. Liu performed a

////

flexible cystoscopy and found debris from the TURP procedure was blocking plaintiff's urethral channel causing plaintiff's pain and difficult urination. (Id.)

On April 11, 2014, plaintiff was taken to the emergency room and required surgery to treat an umbilical hernia. (Id.) Plaintiff alleged he suffered the hernia because of Dr. Liu's delay in treating his symptoms following the TURP procedure. (Id.)

On May 9, 2014, plaintiff had a second TURP procedure performed by Dr. Liu. (Id. at 9.) Plaintiff saw Dr. Liu again on May 22, 2014 and informed Dr. Liu he no longer had control of his bladder. (Id.) Dr. Liu told plaintiff his complete incontinence was permanent. (Id.) Plaintiff alleged Dr. Liu demonstrated callous indifference when he delayed examining plaintiff on March 20, 2014, causing him to suffer unnecessary pain, develop a hernia, and become permanently incontinent. ( Id.)

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than

3

those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).

The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**ANALYSIS**

**I.     Eighth Amendment—Deliberate Indifference**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations and citations omitted).

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). First, a plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 F.2d at 1059). Second, a plaintiff must show the defendant's response to the need was deliberately indifferent. Id. This can be established by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

and (b) harm caused by the indifference. Id.

Inadvertent failure to provide adequate care or negligence in diagnosing or treating a medical condition is not sufficient to sustain an Eighth Amendment claim. Estelle, 429 U.S. at 105. A difference of medical opinion does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citing Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981)). A prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106.

Plaintiff alleged he informed Dr. Liu of his excruciating pain and difficulty urinating at his March 20, 2014 appointment. Dr. Liu allegedly refused to examine plaintiff that day because he was too busy and told plaintiff he would conduct an exam at his next appointment in two weeks. However, Dr. Liu claims plaintiff's Exhibit A (ECF No. 40 at 11) shows he examined plaintiff on March 20, 2014. Plaintiff claimed he was harmed by Dr. Liu's refusal to examine him because he remained in severe pain, developed a hernia, and became permanently incontinent. Thus, he has alleged he informed Dr. Liu of a serious medical need, Dr. Liu failed to respond to that need, and plaintiff was harmed by his refusal.

Plaintiff has pled sufficient facts to state a claim for deliberate indifference in violation of the Eighth Amendment. While Dr. Liu may ultimately prevail on his argument that he acted reasonably under the circumstances, at this stage the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support this claim. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Further, there is a factual dispute regarding whether Dr. Liu examined plaintiff on March 20, 2014 that cannot be resolved on a motion to dismiss.

**II.     State Action**

"To establish § 1983 liability, a plaintiff must show both (1) [the] deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Chudacoff v. Univ. Med. Ctr. Of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011) (citing Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003); Am. Mfrs. Mut. Ins Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). "The 'under color of

state law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982)).

The Supreme Court has held that a physician who is under contract with a state to provide medical care to inmates is a state actor for § 1983 purposes. West v. Atkins, 487 U.S. 42, 55-57 (1988). Likewise, the Ninth Circuit has held that allegations that medical providers "are under contract with the state . . . to provide medical services to indigent citizens" support an inference that they are state actors within the meaning of § 1983. Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (per curium); see also Estate of Prasad ex rel. Prasad v. County of Sutter, 958 F. Supp. 2d 1101, 1122 (E.D. Cal. 2013) (citations omitted) ("A hospital is a state actor for purposes of § 1983 when it contracts with the state to provide adequate medical care to the state's incarcerated citizens."); Ayala v. Andreasen, No. 2:04-cv-0903 RRB CMK P, 2007 WL 1395093 (E.D. Cal. May 10, 2007) (A private physician employed by a hospital under contract with CDCR who provided medical services to an inmate acted under color of state law.).

Plaintiff's TAC alleged Dr. Liu acted under color of state law because plaintiff was under the care of CDCR who sent him to be treated by Dr. Liu. (ECF No. 40 at 2, 7.) It may be inferred CDCR sent plaintiff to receive treatment at a facility CDCR contracted with to provide medical services to inmates, and as an employee of a facility under contract with CDCR to provide medical services to inmates, Dr. Liu acted under color of state law when he treated plaintiff. At this stage, plaintiff has pled facts sufficient to support an inference that Dr. Liu acted under color of state law.

### III. Punitive Damages

"[P]unitive damages may be recovered in appropriate circumstances under § 1983." Jackson v. Barnes, 749 F.3d 755, 762 (9th Cir. 2014). Such as "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference" to the plaintiff's rights. Smith v. Wade, 461 U.S. 30, 56 (1983).

Here, construed liberally, plaintiff's allegations plausibly support the inference that Dr. Liu acted with reckless indifference toward plaintiff's medical needs. Accordingly, the court declines to strike plaintiff's request for punitive damages.

**CONCLUSION**

Accordingly IT IS HEREBY RECOMMENDED that Dr. Liu's motion to dismiss (ECF No. 41) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/orders/prisoner-civil rights/Rank1164.mtd