Michael R. Mordaunt, Esq., Bar No. 66911
Lori A. Reihl, Esq., Bar No. 246395
RIGGIO MORDAUNT & KELLY
A Professional Law Corporation
Mailing Address: P.O. Box 7608
Stockton, CA 95267
Physical Address: 2509 W. March Lane, Suite 200
Stockton, CA 95207
Telephone: (209) 473-8732

Attorneys for Defendant
ALEXANDER LIU, M.D.

UNITED STATES DISTRICT COURT OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

| NORMAN RANKINS, | Case No. 2:15-CV-01164-KJM-AC |
|---|---|
| Plaintiff(s), | **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| DR. ALEXANDER LIU, | *Fed.R.Civ.Proc. 56; L.R. 230, 260* |
| Defendant(s). | |

Defendant ALEXANDER LIU, M.D., submits the following statement of undisputed material facts as required by Rule 56 of the Federal Rules of Civil Procedure and Local Rule 260.

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff, Norman Rankins, an inmate with the California Department of Corrections, was referred to San Joaquin General Hospital for evaluation of BPH (benign prostatic hyperplasia) after unsuccessful trials of alpha blockers as well as finasteride. | Declaration of Alexander Liu, MD, ¶3; See also Exhibit A to Declaration of Dr. Liu. |
| 2. Plaintiff was seen by defendant Alexander Liu, MD on February 3, 2014 with complaints of nocturia four to five times every night, and daytime urinary frequency. | Declaration of Alexander Liu, MD, ¶3; See also Exhibit A to Declaration of Dr. Liu. |

1

| | | |
|---|---|---|
| 3. | A prostate exam revealed an enlarged prostate with no obvious nodules and no signs of tenderness. | Declaration of Alexander Liu, MD, ¶3; See also Exhibit A to Declaration of Dr. Liu. |
| 4. | The patient was assessed with lower urinary tract symptoms (LUTS) with significant bladder outlet obstruction symptoms (benign prostatic hyperplasia, BPH) that were not relieved with medications. | Declaration of Alexander Liu, MD, ¶3; See also Exhibit A to Declaration of Dr. Liu. |
| 5. | Dr. Liu concluded the patient would need a TURP (transuretheral resection of the prostate) and presented this option to Mr. Rankins. | Declaration of Alexander Liu, MD, ¶3; See also Exhibit A to Declaration of Dr. Liu. |
| 6. | Prior to the procedure, Dr. Liu discussed the risks and benefits of the procedure with the patient, including the risk of incontinence. | Declaration of Alexander Liu, MD, ¶4; See also Exhibit A to Declaration of Dr. Liu; See also deposition of Norma Rankins, 32:9-18, attached as Exhibit A to the Declaration of Lori A. Reihl.) |
| 7. | After discussing the risks and benefits, plaintiff consented to proceed with the TURP surgery. | Declaration of Alexander Liu, MD, ¶4; See also Exhibit A to Declaration of Dr. Liu; See also deposition of Norma Rankins, 31:25-32:4, 33:10-13, attached as Exhibit A to the Declaration of Lori A. Reihl.) |
| 8. | The TURP surgery was performed by Dr. Liu on March 14, 2014 at San Joaquin General Hospital.  During the procedure Dr. Liu found an enlarged prostate with trilobar hyperplasia.  The prostate was resected without complication. | Declaration of Alexander Liu, MD, ¶6; See also Exhibit B to Declaration of Dr. Liu. |
| 9. | Plaintiff was discharged the next day on March 15, 2014 and scheduled for post-operative follow up with Dr. Liu. | Declaration of Alexander Liu, MD, ¶8; See also Exhibit C to Declaration of Dr. Liu. |
| 10. | Plaintiff indicates that on or about March 18, 2014 he was seen by jail medical staff for a small umbilical hernia.  According to plaintiff, that doctor at the prison reduced the hernia, but it returned so he was sent to | See deposition of Norman Rankins, 35:25-36:16, 37:7-17, attached as Exhibit A to the Declaration of Lori A. Reihl. |

| | | |
|---|---|---|
| | San Joaquin General Hospital for evaluation. | |
| 11. | At the hospital the patient reported a painful umbilical hernia for the last two to three days. A CT of the abdomen and pelvis revealed very tiny umbilical hernia containing only fat. The bladder was grossly normal. | Declaration of Alexander Liu, MD, ¶10; See also Exhibit D to Declaration of Dr. Liu. |
| 12. | The hernia was reduced and the patient was discharged back to prison. | Declaration of Alexander Liu, MD, ¶10; See also Exhibit D to Declaration of Dr. Liu. |
| 13. | Plaintiff reports that when he got back to the prison that day the hernia bulged out again and he was referred for surgical repair. | Deposition of Norman Rankins, 38:16-20-39:12, attached as Exhibit A to the Declaration of Lori A. Reihl; See also Declaration of Alexander Liu, MD, ¶10; See also Exhibit D to Declaration of Dr. Liu. |
| 14. | The surgical repair of the hernia was eventually completed on or about April 11, 2014. | See Exhibit D to plaintiff's Complaint filed in this action on May 29, 2015 (Docket No. 1); See also Deposition of Norman Rankins, 65:13-67:1 and Exhibit 7 to the Deposition of Norman Rankins, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 15. | On March 20, 2014, plaintiff was seen by Dr. Liu at his first post-operative visit. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu |
| 16. | Plaintiff was seen in a private room by Dr. Liu where he expressed his complaints of ongoing pain after surgery and plaintiff contends he complained of difficulty urinating. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu; See also deposition of Norman Rankins, 54:2-21, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 17. | Dr. Liu also noted complaints of dysuria and hematuria, and that examination showed no distended bladder. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu |

| # | Fact | Source |
|---|------|--------|
| 18. | Dr. Liu instructed the patient to return in 2 weeks to evaluate whether his condition had improved, as his symptoms were still consistent with the post-operative course of a TURP. If it had improved, the plan was to leave it alone. If it had not, a cystoscopy would be performed for further evaluation. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu |
| 19. | Based on Dr. Liu's review of the patient, along with my education, training and experience, there was no indication that the patient faced a substantial risk of serious harm with this plan. | Declaration of Alexander Liu, MD, ¶12 |
| 20. | The patient returned on April 7, 2014, with continued complaints of significant irritative voiding symptoms. | Declaration of Alexander Liu, MD, ¶14; See also Exhibit F to Declaration of Dr. Liu |
| 21. | With these continued complaints, a cystoscopy was performed as planned. | Declaration of Alexander Liu, MD, ¶14; See also Exhibit F to Declaration of Dr. Liu |
| 22. | The cystoscopy revealed that the prostate had not completely healed yet and there was some debris blocking the prostatic urethral channel. The debris material was broken up and pushed back into the bladder, as it would likely spontaneously pass with urination. | Declaration of Alexander Liu, MD, ¶14; See also Exhibit F to Declaration of Dr. Liu |
| 23. | Dr. Liu advised the patient to return in 1 week to evaluate whether his symptoms had been relieved by this procedure. The patient was advised that if his symptoms persisted, he would require a further cystoscopy with evacuation of debris from the bladder. | Declaration of Alexander Liu, MD, ¶14; See also Exhibit F to Declaration of Dr. Liu |
| 24. | Following that procedure, plaintiff continued to complain of dysuria and restriction symptoms. | Declaration of Alexander Liu, MD, ¶17; See also Exhibit G to Declaration of Dr. Liu |
| 25. | Dr. Liu concluded that the prostate was incompletely resected or the patient may have scar tissue in the prostate and urethral | Declaration of Alexander Liu, MD, ¶17; See also Exhibit G to Declaration of Dr. Liu |

Riggio Mordaunt & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| area, and would need a repeat TURP. Treatment options, risks and benefits were discussed with the patient. | |
| 26. Plaintiff understood that there were risks involved with a second TURP procedure, including incontinence, and elected to proceed with the procedure. | Deposition of Norman Rankins, 69:13-19, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 27. On May 9, 2014, Dr. Liu performed a cystoscopy and TURP which revealed some residual prostate tissue and some areas that had not completed healed yet. | Declaration of Alexander Liu, MD, ¶19; See also Exhibits H and I to Declaration of Dr. Liu |
| 28. The procedure was completed without complication and the patient was discharged home the next day voiding well, and the patient was discharged on May 10, 2014. | Declaration of Alexander Liu, MD, ¶19; See also Exhibits H and I to Declaration of Dr. Liu |
| 29. The patient returned to Dr. Liu on May 22, 2014 for a post-operative examination. The patient reported ongoing complaints of significant pain and bladder spasms. | Declaration of Alexander Liu, MD, ¶22; See also Exhibit J to Declaration of Dr. Liu |
| 30. He then continued to follow up with Dr. Liu for treatment of incontinence through August 11, 2016. Plaintiff continues to complain of ongoing incontinence. | Declaration of Alexander Liu, MD, ¶22; See also Exhibit I to Declaration of Dr. Liu |
| 31. Plaintiff's action is based on his initial post-operative visit with Dr. Liu on March 20, 2014 following his first TURP surgery. plaintiff takes issue with Dr. Liu's decision not to perform the cystoscopy or other imaging procedure at the time of his visit on March 20, 2014. | Deposition of Norman Rankins, 60:8-13, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 32. It is plaintiff's allegation that Dr. Liu refused to conduct an x-ray or other testing to look "inside" that day to see why he was experiencing. As a result, plaintiff alleges that there was a delay in recognizing a blockage causing his incontinence | Deposition of Norman Rankins, 49:10-51:12, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 33. Plaintiff also initially alleged in this action that this delay also resulted in him | Deposition of Norman Rankins, 40:19-41:1, 61:14-25, attached as Exhibit A |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | developing a hernia, but plaintiff has since acknowledged that it would not have prevented the hernia since it developed even before his first post-operative visit with Dr. Liu. | to the Declaration of Lori A. Reihl. |
| 5<br>6<br>7 | 34. Dr. Liu's care and treatment of Norman Rankins was at all times appropriate, indicated and well within the standard of care for a physician practicing under the same or similar circumstances. | Declaration of Christopher P. Evans, MD, ¶¶17, 24 |
| 8<br>9<br>10<br>11<br>12 | 35. Norman Rankins was an appropriate candidate to undergo both TURP surgeries. Both the type of surgery and the performance of the surgeries by Dr. Alexander Liu on March 14, 2014 and May 9, 2014 were appropriate and within the standard of care. | Declaration of Christopher P. Evans, MD, ¶¶ 18, 21 |
| 13<br>14<br>15<br>16 | 36. Plaintiff's complaints at the time of his visit with Dr. Liu on March 20, 2014, including pain and difficulty urinating, are common post-surgical complaints following a TURP procedure. | Declaration of Christopher P. Evans, MD, ¶ 19 |
| 17<br>18<br>19<br>20 | 37. Dr. Liu's initial response of electing to wait another two weeks to evaluate whether the patient's post-surgical symptoms would resolve was appropriate and well within the standard of care. | Declaration of Christopher P. Evans, MD, ¶ 19 |
| 21<br>22<br>23<br>24 | 38. It was also appropriate and within the common practice of surgeons to not proceed with a cystoscopy while the patient still healing from the initial TURP procedure, just as Mr. Rankins was still healing at the time of the March 20, 2014 visit. | Declaration of Christopher P. Evans, MD, ¶ 19 |
| 25<br>26<br>27<br>28 | 39. The fact that plaintiff required a second TURP procedure was not caused by any negligent act by Dr. Liu. It is considered a known risk of the procedure that a patient may require additional resection of the prostate after an initial TURP procedure | Declaration of Christopher P. Evans, MD, ¶ 21 |

Riggio Mordaunt & Kelly
P.O. Box 7608
Stockton, CA 95267
(209) 473-8732

6

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 2 | requiring a second surgery, which is what occurred in this case. | |
| 3 4 5 6 7 | 40. There was no negligent act or omission, or delay of care, on the part of Dr. Liu following the TURP procedures that caused or contributed to the injuries and complications alleged by Mr. Rankins, including the complaints of a hernia, post-surgical pain or incontinence. | Declaration of Christopher P. Evans, MD, ¶¶17, 20, 25 |
| 8 9 10 | 41. The allegation by plaintiff that Dr. Liu did not perform any physical examination at the time of the March 20, 2014 post-operative visit did not change the plaintiff's outcome. | Declaration of Christopher P. Evans, MD, ¶ 19 |
| 11 12 13 14 | 42. Plaintiff was rendered appropriate post-operative care and monitored appropriately. There was no failure to recognize any signs of injury or any delay caused in Dr. Liu's post-surgical management of this patient. | Declaration of Christopher P. Evans, MD, ¶ 20 |
| 15 16 17 18 | 43. While plaintiff alleges he has experienced complications following the TURP surgeries, they were known risks which can and do occur in the absence of negligence and were appropriately disclosed to the patient prior to the surgery. | Declaration of Christopher P. Evans, MD, ¶ 23 |
| 19 20 21 22 23 | 44. None of the patient's symptoms, including post-surgical pain, hernia, and incontinence were caused by any negligent act by Dr. Liu, nor were any of the alleged injuries or symptoms caused by any delay in the care provided by Dr. Liu. | Declaration of Christopher P. Evans, MD, ¶ 25 |

Dated: October 18, 2018                                RIGGIO MORDAUNT & KELLY

By: /s/ Lori A. Reihl
Lori A. Reihl, Esq.
Attorneys for Defendant
ALEXANDER LIU, M.D.

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT