1  NORMAN RANKINS
2   V-71789 A3107
3  RJ DONOVAN
4  480 Alta Rd.
   San Diego CA, 92179



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Norman Rankins<br>　　plaintiff<br><br>v<br><br>Alexander Liu<br>　　defendant | Case No. 2:15-CV-01164-KJM-DB<br><br>OPPOSITION TO DEFENDANT LIU'S MOTION FOR SUMMARY JUDGEMENT AND MEMORANDUM AND POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO SUMMARY JUDGEMENT<br><br>[FED.R.CIV.P.56]<br><br>JURY TRIAL DEMANDED |

I. INTODUCTION

Plaintiff opposes defendant Liu's motion for summary judgement on the grounds that plaintiff has and does have raise triable issues of material fact, that defendant Liu, violated plaintiff's constitutional rights on 3-20-14.

Plaintiff meets the applicable standard of proof, that defendant Liu's lack of care and treatment described in plaintiff's complaint and subsequent moving papers, demonstrates defendant Liu's Deliberate Indiffernce to plaintiff's serious medical needs causing plaintiff unnecessary and wanton pain and suffering, in violation of the Eighth Amendment prohibition of cruel and unusual punishment. Accordingly, NORMAN RANKINS submits that his motion in opposition to summary judgement should be granted.

1

II.    AUGUMENT

A. Plaintiff Raises A Genuine Dispute Of Material Fact as to defendant Liu.

Plaintiff here files opposition to defendant Liu's motion for summary judge-ment, and supports this motion with official medical records and expert opinions by medical professional's whose opinion's are consistant with the facts of plaintiff's complaint.

On 3-14-14, at San Joaquin hospital, defendant Liu performed a trans urethral resection of the prostate(TURP)surgery on plaintiff. The next day, 3-15-14 plaintiff was discharged and sent back to CMF with instructions from defendant Liu to return in one week for a follow up.

On 3-20-14, plaintiff was brought back to San Joaquin hospital to see defen-dant Liu. When defendant Liu came to the room plaintiff had been waiting an hour in, plaintiff informed him that he was in excruciating pain and could not urinate without straining really hard. Plaintiff told defendant that something was wrong, and asked defendant to please examin him.(second amend cmpl,EX A)

Defendant Liu then told plaintiff that he was to busy to examin him, but would have brought back in two weeks. Plaintiff pleaded with defendant and reminded him that this was a follow up to the surgery he had done, for the purpose of seeing if anything was wrong, and there is something wrong. Defendant Liu again said he was to busy and would see him in two weeks, then left the room. Plaintiff had spent less then five minutes with defendant.(Ex A, sec amend cmpl)

Plaintiff continued to have terrible pains and straining, to the point that a very painful umbilical hernia developed the day after the surgery from straining to urinate.(EX D, sec amend cmpl) After having it reduced several times, plaintiff had to have emergency surgery for it at Doctors hospital on 4-11-14.

On 4-7-14 plaintiff was brought back to San Joaquin hospital again to see defendant Liu. He explained to defendant that his condition was much worse now, and he had a hernia from straining.

1   Defendant Liu asked the correction officers to unchain and uncuff plaintiff so

2   he could examin him. Defendant Liu then inserted a cystoscopy into plaintiff's

3   urethra to inspect it. Defendant Liu immediately told plaintiff that he could see a

4   chip and debris blocking his uretha, and this is why he was in pain and could'nt

5   urinate.(EX B, sec amend cmpl) Defendant said he would push it up into plaintiff's

6   bladder and see if he could pee it out. If not he would need another surgery.

7   Plaintiff told defendant that had he examined plaintiff at the follow up this

8   would have been found then and save plaintiff alot of pain. The debris got stuck

9   again in plaintiff's urethra, blocking him from urinating, so he had to have a second

10   TURP surgery on 5-9-14. Plaintiff had to wait a month to have the second TURP

11   surgery because he needed from the umbilical surgery before defendant Liu
        to heal

12   would do it.

13   Defendant Liu's medical report of 3-20-14(EX E,DECLARATION ALEXANDER

14   LIU) he states an "EXAMINATION TO SHOWED NO DISTENDED BLADDER",defendant

15   Liu also states in his "STATEMENT OF UNDISPUTED MATERIAL FACTS,PAGE 3

16   BOX 17) "EXAMINATION TODAY SHOWED NO DISTENDED BLADDER". Plaintiff

17   disputes this as a falsification, as defendant Liu did not examin plaintiff as he claims

18   on 3-14-14.

19   Plaintiff also disputes as a falsification the assertion of defendant Liu in his

20   medical report statement that"he seems able to empty his bladder". Plaintiff was very

21   clear on his follow up on3-14-14 with defendant Liu that he was not able to urinate,

22   and when he did, it was only after painfully strianing to get a little out.(EX E

23   DECLARATION OF ALEXANDER LIU).

24   On 4-7-14 when defendant Liu did examin plaintiff, he found debris blocking the

25   prostatic urethral channel, which made emptying his bladder a very false statement by

26   defendant Liu.

27

28

3

1   III.   THE LAW

2       Deliberate Indifference to the serious medical needs of an inmate is"cruel

3   and unusual punishment" under the Eighth Amendment.Rosati,791 F3d at 1039(9th Cir.

4   2015)(citing Estelle v. Gamble,429 U.S.97,104-106(1976).This test includes"both an

5   objective standard-that the deprivation was serious enough to costitute cruel and

6   unusual punishment-and a subjective standard-deliberate indifference"Colwell v.

7   Bannister,763F.3d1060,1066(9thcir.2014)(quoting Snow v.McDaniel,681 F.3d 978,982(9th

8   cir.2012)).

9       A serious medical need "exists if failure to treat the injury or condition 'could

10  result in further significant injury' or cause the unnecessarry and wanton infliction of

11  pain(quoting Jett v. Penner, 439F.3d 1091,1096(9th cir.2006),

12  "Indications that a plaintiff has a serious medical need include the existence of an

13  injury that a reasonable doctor or patient would find important and worthy of

14  comment or treatment;the presence of a medical condition that significantly affects

15  an individual's daily activities; or the existence of chronic and substantial pain.

16  (quoting McGuckin v. Smith,974 F.2d 1050,-60(9th cir. 1992).

17      Plaintiff was clearly sujected to Cruel and Unusual Punishment by the inadequ-

18  ate, delayed medical care and deliberate indifference of defendant Liu. Plaintiff

19  notified defendant Liu on 3-20-14 of his pain, suffering and symptoms and defendant

20  Liu took no action at all. Plaintiff pleaded with defendant for help, defendant Liu

21  stated again he was to busy and would see him in two weeks.

22      Defendant Liu knew of, or should of known, the risks to plaintiff that would

23  result from his delay and non action.The fact that defendant Liu had just performed

24  the TURP surgery six days before, and now plaintiff was there in obvious distress,

25  unable to urinate and in pain, and defendant Liu, denied and delayed for 18 days to

26  examin plaintiff, shows defenants actions were clearly unreasonable in the medical

27  field and but for his delay, plaintiff would not have suffered the terrible pain he did

28  for over a month.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The deliberate indifference prong requires (A)a purposeful act or failure to respond to a prisoner's pain or possible medical need, and(B)harm caused by the indifference." Lemire v. California Dep't of Corr & Rehab,726F.3d1062,1081(9thcir.2013)

Plaintiff is not asserting a claim over a dispute with defendant Liu's "MEDICAL OPINIONS" as the defense states. Plaintiff is alleging and asserting that defendant Liu was deliberately indifferant to his serious medical needs(ESTELLE V GAMBLE (1976)429 U.S. 97;)Farmr v Brennan(1994) 511 us 825) Plaintiff will present evidencE (EXPERT; ect) showing defendants actions were clearly unreasonable in the medical field.

IIII. CONCLUSION

Plaintiff reasserts he has met the standard to establish deliberate indifference against defendant Liu, who was subjectively aware of plaintiff's condition, and the risk of denying plaintiff medical care, causing plaintiff harm.Estelle v Gamble, 429 U.S.97,104(1976);Jeff v Penner,439 F.3d1096(9th cir.2006).

Defendant Liu failed to comply with medical standards of care during the times mentioned above with regard to plaintiff's care and treatment, such that deliberate indifference is shown. Based on the foregoing, it is respectfully requested that the court enter summary judgement against defendant Liu.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

DATED April 19, 2019

By: _____

NORMAN RANKINS

Plaintiff Pro s

5

NORMAN RANKINS
V71789 A3 107
RJ DONOVAN
480 Alta Rd.
San Diego CA, 92179


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


NORMAN RANKINS                      Case No.2-15-CV-01164-KJM DB P
        plaintiff
                                 DECLARATION OF NORMAN RANKINS,
                                 IN SUPPORT OF OPPOSITION TO
                                 DEFENDANT'S MOTION FOR SUMMARY
vs.                              JUDGMENT



Dr. ALEXANDER LIU
        defendant

------------------------

I NORMAN RANKINS, declare:

        1.   I am an inmate incarcerated in the California Department
Of Corrections and Rehabilitation (CDCR). At all times relevent to
the matters herein I was housed at CMCF Vacaville. I am currently
at RJ Donovan Correctional Facility, in San Diego. I have personal
knowledge of the matters stated herein, and if called as a witness
I could and would competently testify thereto under oath.

        2. The attached exhibits are true and correct copies of pertinent
parts of the medical records pertaining to the treatment I recieved at San Joaquin
Hospital and Dr. Liu.

1

3.I recieved the copies of all medical records pertaining to treatment I recieved from Dr. Liu from the medical records department at CMF Vacaville. All medical treatment from outside hospitals are documented and sent to the inmates prison when he returns from any kind of treatment.

4. On February 3, 2014 I was brought to San Joaquin Hospital to see Dr. Liu,a urologist about my possibly having BPH(benign prostetic hyperplasia). At this time Dr. Liu examined me and then explained that I would need a TURP(transurethral resection of the prostate), since medications had not helped to shrink my prostate. He explained how the procedure would work and some risks involved with a TURP surgery. I then consented and agreed to have surgery.

5. On March 14,2014 Dr. Liu performed the TURP surgery. The following day, before being discharged,Dr.Liu stopped in and explained that he had resected my prostate without problems, and that he would see me in one week for a follow up.

6. When I returned to the prison I immediately started having difficulty when I urinated. On March 18,2014 I was taken to San Joaquin Hospital because of a painful hernia that developed as a result of straining so hard to urinate.

7. On March 20,2014 I was brought back to San Joaquin Hospital to see Dr. Liu for the follow up to the surgery I had the week before. When I was seen by Dr. Liu that day I explained to him that I was unable to urinate without having to strain and would have alot of pain during this. Dr. Liu then said he did'nt have time to examin me because he was to busy, but in two weeks he would have me brought back, and if I was still having a problem, he would then examin me.

8. I asked Dr.Liu to please examin me today because something was very wrong and I can not urinate. Again he refused, and said for me to come back in two weeks.

9. On April 7,2014 I was brought back to San Joaquin Hospital to see Dr. Liu and explaind to him that the problem was much worse now. At this time Dr. Liu did examin me by doing a cystoscopy, immediately after inserting the cystoscopy Dr.Liu

2

stated that there was debris and a chip that had been blocking my urethral channel and this is why I could not urinate without straining. Dr. Liu used the cystoscopy to try and push the debris up into my bladder so that I might urinate and it would come out. He then said if that did'nt work I would have to have another TURP surgery, which I did because the debris blocked my urethral channel right away.

10. On May 9,2014  Dr. Liu performed a second surgery(TURP). On May 22,2014 I was brought back to see Dr. Liu for a follow up, and informed him that I now had no control at all over my bladder. Dr. Liu suggested that I probably had a a neurogenic bladder and this is why I can't control my bladder. I told him I have never had bladder control problems in my life until after this last surgery he did.


I declare under penalty of perjury under the laws of the state of California that the forgoing is true and correct and that this declaration was executed on February 19,2019 at RJ Donovan.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Norman Rankins
4/19/19

3

**VERIFCATION**

STATE OF CALIFORNIA _____⌐

COUNTY OF San Diego ⌐


( C.C.P.  SEC., 445 & 2015; 28 U.S.C. SEC., 1746)

I, Norman Rankins DECLARE UNDER PENALTY OF PERJURY THAT I AM
THE ___Plaintiff___ IN THE ABOVE ENTITLE ACTION I HAVE READ THE
FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN
UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS.  I BELIEVE
THEM TO BE TRUE

EXECUTED THIS ___19___ DAY OF ___April___ , ___AT RICHARD J. DONOVAN
CORRECTIONAL FACILITY, SAN DIEGO, CALIFORNIA 92179

SIGNATURE _____
(DECLARANT/PRISONER)

---

**PROOF OF SERVICE BY MAIL**
(C.C.P. SEC., 1013(a) & 2015.5; 28 U.S.C. SEC., 1746)

I, Norman Rankins, AM A RESIDENT OF RICHARD J. DONOVAN
CORRECTIONAL FACILITY. IN THE COUNTY OF SAN DIEGO, STATE OF
CALIFORNIA AND OVER THE AGE OF 18 YEARS OF AGE AND AM/NOT A PARTY
OF THE ABOVE ENTITLED ACTION. MY CORRECTIONAL FACILITY ADDRESS IS
480 ALTA ROAD. SAN DIEGO, CALIFORNIA 92179


ON ___April 19,  20,19___ I, SERVED THE FOREGOING:

Opposition to Summary Judgement:
Declaration of Norman Rankins
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF,
ENCLOSED IN A SEALED ENVELOPE(S), WITH POSTAGE THEREON FULLY PAID
IN THE UNITED STATES MAIL. IN A DEPOSIT BOX SO PROVIDED AT THE
RICHARD J. DONOVAN CORRECTIONAL FACILITY. SAN DIEGO, CA. 92179

US District Court                           Lori A Reihl
501 I St 4-200                              Ringview Mesdews & Kelly
                                            PO Box 7608, Stockton CA 95267
Scerament CA 95814-2322
THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO
ADDRESSED AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE
PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER
PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

DATED: ___April 19, 20,19___ .          _____
                                        (DECLARANT/PRISONER)