Michael R. Mordaunt, Esq., Bar No. 66911
Lori A. Reihl, Esq., Bar No. 246395
RIGGIO MORDAUNT & KELLY
A Professional Law Corporation
Mailing Address: P.O. Box 7608
Stockton, CA 95267
Physical Address: 2509 W. March Lane, Suite 200
Stockton, CA 95207
Telephone: (209) 473-8732

Attorneys for Defendant
ALEXANDER LIU, M.D.

UNITED STATES DISTRICT COURT OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN RANKINS, | Case No. 2:15-CV-01164-KJM-AC |
| Plaintiff(s), | **REPLY TO OPPOSITION TO DEFENDANT ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| DR. ALEXANDER LIU, | *Fed.R.Civ.Proc. 56; L.R. 230, 260* |
| Defendant(s). | |

## I. PLAINTIFF FAILED TO SPECIFICALLY DISPUTE ANY FACTS AS SET FORTH IN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Plaintiff did not file any evidence or separate statement of disputed facts disputing defendant's motion for summary judgment. Under Local Rule 260:

> "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j)." (E.D. Cal, Local Rule 260(b).)

Instead, plaintiff's opposition consists only of his memorandum in opposition and declaration of plaintiff only restating the allegations of the complaint. Defendant also objects to

1

plaintiff's declaration on the grounds that it contains and relies upon inadmissible hearsay. For example, plaintiff's entire action relies on the claim that "Dr. Liu then said he didn't have time to examin [sic] me because he was too busy…"), which is objected to as inadmissible hearsay. Additionally, the declaration of plaintiff makes reference to medical records, no records have been submitted, nor specifically cited in plaintiff's opposition. Therefore, plaintiff did not meet his burden of proof to overcome summary judgment in this action.

## II.   PLAINTIFF HAS NOT ESTABLISHED ANY GENUINE ISSUE OF MATERIAL FACT OF DELIBERATE INDIFFERENCE BY DR. LIU.

Plaintiff's opposition to this motion and his deposition testimony confirm that this action is based on a single visit with Dr. Liu on March 20, 2014. Assuming plaintiff's allegations as true for purposes of summary judgment, plaintiff claims that Dr. Liu "violated his constitutional rights" at that visit by refusing to "examine him" in response to his complaints following a TURP surgery. Plaintiff contends that he reported to Dr. Liu that he was having difficulty urinating and experiencing pain following the surgery, but Dr. Liu refused to "examine him" at that visit. Plaintiff has testified at deposition that his claim of a failure to "examine him" refers to Dr. Liu's decision not to perform the cystoscopy or other imaging procedure at the time of his visit on March 20, 2014. (UMF, 31; See also Plaintiff's Declaration in Opposition to Motion for Summary Judgment, Docket No.70, ¶¶8-9.) As a result, plaintiff alleges that there was a delay in recognizing a blockage causing his incontinence (UMF, 32.)

To establish deliberate indifference, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health.' *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). On the other hand, if the prison official responded reasonably to a risk to the prisoner's health, he or she cannot be found liable, even if harm was not ultimately avoided. *Farmer*, 511 U.S. at 844." (Dragasits v Yu (S.D. Cal. 2018) 2018 U.S. Dist. LEXIS 104273, 13.)

As established by the declaration of Christopher Evans, MD, a board certified urologist, the complaints reported by plaintiff are common post-surgical complaints following a

TURP procedure. Dr. Liu's initial response of electing to wait another two weeks to evaluate whether the patient's post-surgical symptoms would resolve was appropriate and well within the standard of care. It was also appropriate and within the common practice of surgeons to not proceed with a cystoscopy while the patient still healing from the initial TURP procedure, just as Mr. Rankins was still healing at the time of the March 20, 2014 visit. (See Declaration of Christopher Evans, MD ¶ 19.) Thus, plaintiff cannot establish the necessary element of deliberate indifference since the course of treatment was medically acceptable.

Plaintiff has not produced any evidence establishing any dispute on this issue, despite this motion being filed over six months ago and plaintiff being granted two extensions of time to file his opposition. Instead, plaintiff only contends that he "will present evidence" that Dr. Liu's "actions were clearly unreasonable in the medical field." "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." (Campbell v City of Bakersfield (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 49930, 26, quoting Del Carmen Guadalupe v. Agosto (1st Cir. 2002) 299 F.3d 15, 23.)

Plaintiff's entire action is based on his personal belief that Dr. Liu "should have" performed a cystoscopy at the first visit following his TURP procedures. However, plaintiff's burden to establish deliberate indifference is a high legal standard. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" (Ancinelli v Baniga (E.D. Cal. 2019) 2019 U.S. Dist. LEXIS 65197, 5.) Plaintiff has not produced any evidence that defendant Dr. Liu was aware of any substantial risk of serious harm to plaintiff's health, particularly in light of the fact that Dr. Liu's course of treatment was appropriate and within the common practice of surgeons. Instead, plaintiff has asserted, at most, a difference of opinion regarding Dr. Liu's care, which is insufficient. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." (Mayfield v Craven (9th Cir. 1970) 433 F.2d 873, 874.)

The only evidence in this action stablishes that Dr. Liu's care "was not even negligent, much less 'deliberately indifferent' to plaintiff's medical needs. (See Hutchinson v. United States

3

(9th Cir. 1988) 838 F.2d 390, 394.)   Since plaintiff has failed to meet his burden of proof on the necessary element of deliberate indifference, summary judgment should be granted.

III. **PLAINTIFF'S OPPOSITION CONFIRMS THAT HE CANNOT ESTABLISH THE NECESSARY ELEMENT OF CAUSATION.**

While defendant disputes that plaintiff has met his burden on deliberate indifference, even assuming that element were met, plaintiff has entirely ignored and failed to meet his burden of proof on the necessary element of causation.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (Celotex Corp. v Catrett (1986) 477 U.S. 317, 323.)

Plaintiff offers only the allegation that he suffered post-surgical pain which he attributes to defendant Dr. Liu not performing the cystoscopy examination on March 20, 2014.  However, other than plaintiff's allegations he has been unable to present any evidence on the issue of causation.  Again, "[a] genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." (Campbell v City of Bakersfield (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 49930, 26, quoting Del Carmen Guadalupe v. Agosto (1st Cir. 2002) 299 F.3d 15, 23.)

The only evidence in this action is that plaintiff's complaints at the time of his visit with Dr. Liu on March 20, 2014, including pain and difficulty urinating, are common post-surgical complaints following a TURP procedure.  Plaintiff's entire action is based on his personal belief that Dr. Liu should have performed the cystoscopy at that visit and would have identified a blockage at that time. (See Plaintiff's Declaration in Opposition to Motion for Summary Judgment, Docket No. 70, ¶¶8-9.)  However, as established by Christopher Evans, MD, "it was also appropriate and within the common practice of surgeons to not proceed with a cystoscopy while the patient still healing from the initial TURP procedure, just as Mr. Rankins was still healing at the time of the March 20, 2014 visit."

Further, even considering plaintiff's allegation that Dr. Liu did not perform any physical examination at the time of the March 20, 2014, it "did not change the patient's outcome." (See Declaration of Christopher Evans, MD ¶25.)  Instead, plaintiff "was rendered appropriate post-

operative care and monitored appropriately. There was no failure to recognize any signs of injury or any delay caused in Dr. Liu's post-surgical management of this patient." (See Declaration of Christopher Evans, MD ¶¶22-23.) As established by defendant, none of the patient's symptoms, including post-surgical pain, hernia, and incontinence were caused by any negligent act by Dr. Liu, nor were any of the alleged injuries or symptoms caused by any delay in the care provided by Dr. Liu. (See Declaration of Christopher Evans, MD, ¶¶19-20.)

Finally, while plaintiff makes vague references to the development of a hernia, there cannot be any claim that the alleged delay of care by Dr. Liu since plaintiff's own testimony and the evidence presented by way of medical records. Both records and plaintiff's testimony confirm the hernia developed *before* the visit in question with Dr. Liu. Plaintiff also acknowledges in the declaration in opposition to this motion that he hernia developed *before* he saw Dr. Liu in follow up to the TURP surgery. Thus, there is no basis for any claim that any alleged delay in treatment caused the hernia.

Since plaintiff cannot meet his burden on the necessary element of causation, summary judgment should be granted.

## IV.   CONCLUSION

Based on defendant's moving papers and the foregoing, Defendant Alexander Liu, MD respectfully requests that the Court enter summary judgment in his favor and against plaintiff since plaintiff cannot meet his burden to establish any element necessary to support this 42 U.S.C. §1983 action.

Dated: May 2, 2019                     RIGGIO MORDAUNT & KELLY

By: /s/ Lori A. Reihl, Esq.
    Lori A. Reihl, Esq.
    Attorneys for Defendant
    ALEXANDER LIU, M.D.

REPLY TO OPPOSITION TO DEFENDANT ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT