NORMAN RANKINS
V-71789 A3107
RJ DONOVAN
480 Alta Rd.
San Diego CA, 92179


FILED
JUN 20 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Norman Rankins<br>    plaintiff<br><br>v<br><br>Alexander Liu<br>    defendant | Case No. 2:15-CV-01164-KJM-DB<br><br>OPPOSITION TO DEFENDANT LIU'S MOTION FOR SUMMARY JUDGEMENT AND MEMORANDUM AND POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO SUMMARY JUDGEMENT<br><br>[FED.R.CIV.P.56]<br><br>JURY TRIAL DEMANDED |

I. INTODUCTION

    Plaintiff opposes defendant Liu's motion for summary judgement on the grounds that plaintiff has and does have raise triable issues of material fact, that defendant Liu, violated plaintiff's constitutional rights on 3-20-14.

    Plaintiff meets the applicable standard of proof, that defendant Liu's lack of care and treatment described in plaintiff's complaint and subsequent moving papers, demonstrates defendant Liu's Deliberate Indiffernce to plaintiff's serious medical needs causing plaintiff unnecessary and wanton pain and suffering, in violation of the Eighth Amendment prohibition of cruel and unusual punishment. Accordingly, NORMAN RANKINS submits that his motion in opposition to summary judgement should be granted.

II.   AUGUMENT

A. Plaintiff Raises A Genuine Dispute Of Material Fact as to defendant Liu.

Plaintiff here files opposition to defendant Liu's motion for summary judgement, and supports this motion with official medical records and expert opinions by medical professional's whose opinion's are consistant with the facts of plaintiff's complaint.

On 3-14-14, at San Joaquin hospital, defendant Liu performed a trans urethral resection of the prostate(TURP)surgery on plaintiff. The next day, 3-15-14 plaintiff was discharged and sent back to CMF with instructions from defendant Liu to return in one week for a follow up.

On 3-20-14, plaintiff was brought back to San Joaquin hospital to see defendant Liu. When defendant Liu came to the room plaintiff had been waiting an hour in, plaintiff informed him that he was in excruciating pain and could not urinate without straining really hard. Plaintiff told defendant that something was wrong, and asked defendant to please examin him.(second amend cmpl,EX A)

Defendant Liu then told plaintiff that he was to busy to examin him, but would have brought back in two weeks. Plaintiff pleaded with defendant and reminded him that this was a follow up to the surgery he had done, for the purpose of seeing if anything was wrong, and there is something wrong. Defendant Liu again said he was to busy and would see him in two weeks, then left the room. Plaintiff had spent less then five minutes with defendant.(Ex A, sec amend cmpl)

Plaintiff continued to have terrible pains and straining, to the point that a very painful umbilical hernia developed the day after the surgery from straining to urinate.(EX D, sec amend cmpl) After having it reduced several times, plaintiff had to have emergency surgery for it at Doctors hospital on 4-11-14.

On 4-7-14 plaintiff was brought back to San Joaquin hospital again to see defendant Liu. He explained to defendant that his condition was much worse now, and he had a hernia from straining.

1  Defendant Liu asked the correction officers to unchain and uncuff plaintiff so
2  he could examin him. Defendant Liu then inserted a cystoscopy into plaintiff's
3  urethra to inspect it. Defendant Liu immediately told plaintiff that he could see a
4  chip and debris blocking his uretha, and this is why he was in pain and could'nt
5  urinate.(EX B, sec amend cmpl) Defendant said he would push it up into plaintiff's
6  bladder and see if he could pee it out. If not he would need another surgery.

7  Plaintiff told defendant that had he examined plaintiff at the follow up this
8  would have been found then and save plaintiff alot of pain. The debris got stuck
9  again in plaintiff's urethra, blocking him from urinating, so he had to have a second
10 TURP surgery on 5-9-14. Plaintiff had to wait a month to have the second TURP
11 surgery because he needed to heal from the umbilical surgery before defendant Liu
12 would do it.

13 Defendant Liu's medical report of 3-20-14(EX E,DECLARATION ALEXANDER
14 LIU) he states an "EXAMINATION TO SHOWED NO DISTENDED BLADDER",defendant
15 Liu also states in his "STATEMENT OF UNDISPUTED MATERIAL FACTS,PAGE 3
16 BOX 17) "EXAMINATION TODAY SHOWED NO DISTENDED BLADDER". Plaintiff
17 disputes this as a falsification, as defendant Liu did not examin plaintiff as he claims
18 on 3-14-14.

19 Plaintiff also disputes as a falsification the assertion of defendant Liu in his
20 medical report statement that"he seems able to empty his bladder". Plaintiff was very
21 clear on his follow up on3-14-14 with defendant Liu that he was not able to urinate,
22 and when he did, it was only after painfully strianing to get a little out.(EX E
23 DECLARATION OF ALEXANDER LIU).

24 On 4-7-14 when defendant Liu did examin plaintiff, he found debris blocking the
25 prostatic urethral channel, which made emptying his bladder a very false statement by
26 defendant Liu.

27
28

3

III.  THE LAW

Deliberate Indifference to the serious medical needs of an inmate is "cruel and unusual punishment" under the Eighth Amendment. Rosati, 791 F3d at 1039 (9th Cir. 2015)(citing Estelle v. Gamble, 429 U.S. 97, 104-106 (1976). This test includes "both an objective standard-that the deprivation was serious enough to costitute cruel and unusual punishment-and a subjective standard-deliberate indifference" Colwell v. Bannister, 763 F.3d 1060, 1066 (9thcir. 2014)(quoting Snow v. McDaniel, 681 F.3d 978, 982 (9th cir. 2012)).

A serious medical need "exists if failure to treat the injury or condition 'could result in further significant injury' or cause the unnecessarry and wanton infliction of pain(quoting Jett v. Penner, 439F.3d 1091, 1096(9th cir. 2006).
"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. (quoting McGuckin v. Smith, 974 F.2d 1050, -60 (9th cir. 1992).

Plaintiff was clearly sujected to Cruel and Unusual Punishment by the inadequate, delayed medical care and deliberate indifference of defendant Liu. Plaintiff notified defendant Liu on 3-20-14 of his pain, suffering and symptoms and defendant Liu took no action at all. Plaintiff pleaded with defendant for help, defendant Liu stated again he was to busy and would see him in two weeks.

Defendant Liu knew of, or should of known, the risks to plaintiff that would result from his delay and non action. The fact that defendant Liu had just performed the TURP surgery six days before, and now plaintiff was there in obvious distress, unable to urinate and in pain, and defendant Liu, denied and delayed for 18 days to examin plaintiff, shows defenants actions were clearly unreasonable in the medical field and but for his delay, plaintiff would not have suffered the terrible pain he did for over a month.

4

The deliberate indifference prong requires (A) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (B) harm caused by the indifference." Lemire v. California Dep't of Corr & Rehab, 726 F.3d 1062, 1081 (9th cir. 2013)

Plaintiff is not asserting a claim over a dispute with defendant Liu's "MEDICAL OPINIONS" as the defense states. Plaintiff is alleging and asserting that defendant Liu was deliberately indifferant to his serious medical needs (ESTELLE V GAMBLE (1976) 429 U.S. 97;) Farmr v Brennan (1994) 511 us 825) Plaintiff will present evidencE (EXPERT; ect) showing defendants actions were clearly unreasonable in the medical field.

## III. CONCLUSION

Plaintiff reasserts he has met the standard to establish deliberate indifference against defendant Liu, who was subjectively aware of plaintiff's condition, and the risk of denying plaintiff medical care, causing plaintiff harm. Estelle v Gamble, 429 U.S. 97, 104 (1976); Jeff v Penner, 439 F.3d 1096 (9th cir. 2006).

Defendant Liu failed to comply with medical standards of care during the times mentioned above with regard to plaintiff's care and treatment, such that deliberate indifference is shown. Based on the foregoing, it is respectfully requested that the court enter summary judgement against defendant Liu.

DATED April 19, 2019

By: _____

NORMAN RANKINS
Plaintiff Pro s

# Exhibit A

Rankins Vs. Liu
Case No. 2:15-CV-01164-KJM-DB
Exhibit A From Second Amend Complaint

Case 2:15-cv-01164-KJM-DB Document 40 Filed 07/10/17 Page 11 of 24
Case 2:15-cv-01164-KJM-DB Document 74 Filed 06/20/19 Page 7 of 15
Case 2:15-cv-01164-KJM-AC Document 16 Filed 02/11/16 Page 7 of 16

Alexander Liu, MD

SAN JOAQUIN GENERAL HOSPITAL

CONSULTATION

PATIENT: RANKINS, NORMAN
MR#: 1124060
ADMIT DATE: 03/20/2014
LOCATION: DISC
DOB: 09/16/1966

DATE OF CONSULTATION: 03/20/2014

CONSULTING PHYSICIAN: Alexander Liu, MD

REFERRING PHYSICIAN: Joseph Bick, MD

This is a 46-year-old male CDCR patient who underwent TURP about two weeks ago. Currently, he is still complaining of some pain, dysuria and hematuria still going on. However, he is voiding spontaneously and seems able to empty his bladder.

Examination today showed no distended bladder.

PLAN: My plan is for him to come back for cystoscopy in two weeks if his condition is not improved. If he feels better, then will leave him alone.

Voice #603841471/Job #130472
D: 03/20/2014 10:37:00
T: 03/20/2014 16:20:00
AL:medq

Alexander Liu, MD

CONSULTATION

Page 1 of 1

Electronically signed by LIU, ALEXANDER on 2014-03-24 12:02:22

# Exhibit B

Rankins Vs. Liu

Case No. 2:15-CV-01164-KJM-DB

Exhibit B from Sec Amend Complaint

Case 2:15-cv-01164-KJM-DB   Document 40   Filed 07/10/17   Page 13 of 24
Case 2:15-cv-01164-KJM-DB   Document 74   Filed 06/20/19   Page 9 of 15
Case 2:15-cv-01164-KJM-AC   Document 15   Filed 02/11/16   Page 8 of 16

Alexander Liu, MD

SAN JOAQUIN GENERAL HOSPITAL

CONSULTATION

PATIENT: RANKINS, NORMAN
MR#: 1124060
ADMIT DATE: 04/07/2014
LOCATION: DISC
DOB: 09/16/1966

DATE OF CONSULTATION: 04/07/2014

CONSULTING PHYSICIAN: Alexander Liu, MD

REFERRING PHYSICIAN: Joseph Bick, MD

This is a 40-year-old male CDCR patient who had undergone TURP for BPH about a month ago. Since his operation, he still complains of significant irritative voiding symptoms. He complained of dysuria and pain with urination. He voids 10 times during the day and has significant nocturia as well.

A flexible cystoscopy was performed today to inspect the prostatic urethra. Basically we found that the prostate has not completely healed yet. In addition, there is some debris that is blocking the prostatic urethral channel. This is made of a gelatinous and debris material that is broken up and pushed back into the bladder. Hopefully the patient will urinate this out over the next few days. I will plan to have him come back for followup in one week. If his obstructive symptoms still persist, he will need formal cystoscopy and evacuation of debris from the bladder.

Voice #606109361/Job #239841
D: 04/07/2014 13:42:00
T: 04/08/2014 06:26:00
AL:medq

Alexander Liu, MD

CONSULTATION

Page 1 of 1

Electronically signed by LIU, ALEXANDER on 2014-04-08 10:33:47

Exhibit E

Rankins v. Liu
Case No 2:15-cv-01164-DB
Exhibit E from Declaration of dr. Liu
& Statement of facts from dr. Liu

| | | |
|---|---|---|
| 1 | San Joaquin General Hospital for evaluation. | |
| 2 | | |
| 3 | 11. At the hospital the patient reported a painful umbilical hernia for the last two to three days. A CT of the abdomen and pelvis revealed very tiny umbilical hernia containing only fat. The bladder was grossly normal. | Declaration of Alexander Liu, MD, ¶10; See also Exhibit D to Declaration of Dr. Liu. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | 12. The hernia was reduced and the patient was discharged back to prison. | Declaration of Alexander Liu, MD, ¶10; See also Exhibit D to Declaration of Dr. Liu. |
| 8 | | |
| 9 | | |
| 10 | 13. Plaintiff reports that when he got back to the prison that day the hernia bulged out again and he was referred for surgical repair. | Deposition of Norman Rankins, 38:16-20-39:12, attached as Exhibit A to the Declaration of Lori A. Reihl; See also Declaration of Alexander Liu, MD, ¶10; See also Exhibit D to Declaration of Dr. Liu. |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | 14. The surgical repair of the hernia was eventually completed on or about April 11, 2014. | See Exhibit D to plaintiff's Complaint filed in this action on May 29, 2015 (Docket No. 1); See also Deposition of Norman Rankins, 65:13-67:1 and Exhibit 7 to the Deposition of Norman Rankins, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | 15. On March 20, 2014, plaintiff was seen by Dr. Liu at his first post-operative visit. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu |
| 20 | | |
| 21 | | |
| 22 | 16. Plaintiff was seen in a private room by Dr. Liu where he expressed his complaints of ongoing pain after surgery and plaintiff contends he complained of difficulty urinating. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu; See also deposition of Norman Rankins, 54:2-21, attached as Exhibit A to the Declaration of Lori A. Reihl. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | 17. Dr. Liu also noted complaints of dysuria and hematuria, and that examination showed no distended bladder. | Declaration of Alexander Liu, MD, ¶12; See also Exhibit E to Declaration of Dr. Liu |
| 27 | | |
| 28 | | |

Riggio Mordaunt & Kelly
P.O Box 7608
Stockton, CA 95267
(209) 473-8732

3

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ALEXANDER LIU, MD'S MOTION FOR SUMMARY JUDGMENT

Alexander Liu, MD

**SAN JOAQUIN GENERAL HOSPITAL**

PATIENT: RANKINS, NORMAN
MR#: 1124060
ADMIT DATE: 03/20/2014
LOCATION: DISC
DOB: 09/16/1966

CONSULTATION

---

DATE OF CONSULTATION: 03/20/2014

CONSULTING PHYSICIAN: Alexander Liu, MD

REFERRING PHYSICIAN: Joseph Bick, MD

This is a 46-year-old male CDCR patient who underwent TURP about two weeks ago. Currently, he is still complaining of some pain, dysuria and hematuria still going on. However, he is voiding spontaneously and seems able to empty his bladder.

Examination today showed no distended bladder.

PLAN: My plan is for him to come back for cystoscopy in two weeks if his condition is not improved. If he feels better, then will leave him alone.


Voice #603841471/Job #130472
D: 03/20/2014 10:37:00
T: 03/20/2014 16:20:00
AL:medq

Alexander Liu, MD

---

CONSULTATION

Page 1 of 1

Electronically signed by LIU, ALEXANDER on 2014-03-24 12:02:22

000000497

# Exhibit D

Rankins Vs. Liu
Case No 2:15-CV-01164-KJM-DB
Exhibit D from Sec Amend Complaint

Case 2:15-cv-01164-KJM-BB Document 40 Filed 07/10/17 Page 17 of 24
Case 2:15-cv-01164-KJM-DB Document 74 Filed 06/20/19 Page 14 of 15
Case 2:15-cv-01164-KJM-AC Document 16 Filed 02/11/16 Page 9 of 16

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**
CALIFORNIA MEDICAL FACILITY
1600 California Drive, Vacaville, CA 95687
Tel: 707-443-6841
B-1 clinic ext: 2422
ER ext: 5318

5/10/2014 9:37 PM
Rankins, N 9/16/66  V71789   G228 (5-33)

BMIP returned s/p second TURP, initially on 3/14, but he had persistent obstructive and irritative symptoms. He had a retained "chip" and had a second TURP. Since 3/14 he also had an umbilical hernia repair, necessitated because of the obstructive symptoms and the need to push out urine.

Urology f/u in 2 weeks.

PMH: unremarkable
PSH: knee surgery.
Med Rec: reviewed, reconciled. Continued Bactrim DS for only 3 days since urology did not recommend.
Allergies: Cardura

151/94, 59/min, 18/min, 100% RA   Healthy appearing BMIP in NAD. Skin warm and dry. Pulse regular. Muscular. Heart RRR w/o m/g. Lungs CTA. Abd soft and NTTP.

A: s/p second TURP. He will need urology f u and then since he is Med and Return, he can go back to PBSP.

P: Till, Bactrim DS for 3 days only

E: simple English, understood

David Mathis MD
David.Mathis@CDCR.CA.GOV

Physician & Surgeon
Covering MD


HEALTH CARE SERVICES

1

PROOF OF SERVICE

I, Norman Rankins, declare that, I was at the time of the papers herein referred to, at least 18 years of age and ~~not~~ a party to the attached case of action. At RJ Donovan, County of San Diego in California. My Mailing address is 480 Alta rd, San Diego CA, 92179.

On 6-15-19, I delivered to prison officials for mailing at the above address the attached; a copy Opposition to Summary Judgment with Exhibits.

To be mailed to the following parties

United States District Court
Eastern District of California
Office of the Clerk
501 I Street, Suit 4.200
Sacramento, CA 95814-2322

Lori A. Reihl
Riggio Mordaunt & Kully
P.O. Box 7608
Stockton CA 95267

I declare under penalty of perjury that the foregoing is true and correct.

6-15-19                     Norman Rankins